IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JEFFERY TODD GOULD (AIS# 140977),     *

                                 *

     Plaintiff,

                                 *

V.                                    2:05-CV-1102-F

                                 *

AARON BEE, ET AL.,

                                 *

     Defendants.

                                 *

## SPECIAL REPORT OF DEFENDANTS

COME NOW Defendants Prison Health Services, Inc., (incorrectly named in Plaintiff's

Complaint as Prison Health Care Services) (hereinafter referred to as "PHS"), Donald McArthur,

PA-C and Aaron Bee, R.N. in response to this Honorable Court's Order, and present the

following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Jeffery Gould (AIS# 140977) is an inmate confined at Staton Correctional

Facility located in Elmore County, Alabama.  On November 11, 2005, Gould filed a Complaint

against Defendants PHS, the company that currently contracts with the State of Alabama to

provide healthcare to inmates at Staton; Donald McArthur, PA-C, a licensed, physicians assistant

at Staton; and Aaron Bee, a former Health Services Administrator at Staton alleging that they

have violated his constitutional rights by denying him appropriate medical evaluation and/or

treatment for Hepatitis C. (See Complaint). The Plaintiff demands to be provided with

unspecified medical care pursuant to injunctive relief. (Id.) Moreover, while this inmate has not

demanded specific monetary damages, he has made claims that these Defendants acted with

diliberate indifference to his medical needs. (Id.) At all pertinent times, physicians assistant McArthur and Nurse Bee were employed by PHS.

As directed, the Defendants have undertaken a review of Plaintiff Gould's claims to determine the facts and circumstances relevant thereto.   At this time, the Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Gould's medical records (attached hereto as Exhibit "A") and the Affidavit of Donald McArthur, PA-C. (attached hereto as Exhibit "B").   These evidentiary materials demonstrate that Plaintiff Gould has been provided appropriate medical treatment at all times and that the allegations in his Complaint are without merit. Injunctive relief is simply unwarranted.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Jeffery Gould (AIS# 140977) has been incarcerated as an inmate at Staton Correctional Facility.  (See Exhibits "A" & "B").  Gould has been seen and evaluated by Staton's medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Staton.  (Id.)

Mr. Gould has made a complaint in this case that the Defendants have failed to provide him with appropriate medical treatment and evaluation for Hepatitis C. (See Complaint).  The Plaintiff's allegations are untrue, however, as the Defendants have acted appropriately in evaluating and treating this inmate at all times.

Mr. Gould has a history that is significant for Hepatitis C and chronic leg infection secondary to this condition. (See Exhibit "B")  On November 9, 2004, Mr. Gould was evaluated for eligibility to receive Ribavirin/Interferon combination therapy for treatment of his Hepatitis

C.[1] (Id.) However, Ribavirin/Interferon combination therapy is not indicated for every person infected with Hepatitis C. (Id.) Mr. Gould did not qualify for Ribavirin/Interferon combination therapy treatment because his complete blood count (CBC) indicated that his hemoglobin and platelet counts were too low for safe treatment. (Id.)

While the Ribavirin/ Interferon combination therapy is contraindicated for Mr. Gould's treatment, he has received treatment by other means.  Specifically, Mr. Gould is enrolled in Staton's chronic care program where he is afforded regular blood tests and liver enzyme panels in order to track the effect the Hepatitis C virus is having on his overall long-term health. (Id.) In order to treat periodic swelling and inflammation caused by the virus' effect on Mr. Gould's liver, he has been prescribed diuretics, Lasix and hydrochlorothiazide (HCTZ) with potassium. (Id.) He has also been afforded TED hose (compression stockings) in order to reduce lower leg swelling. (Id.) In order to treat itching associated with his condition, Mr. Gould has been prescribed Vistaril and Benadryl. (Id.) Mr. Gould's condition has also contributed to stomach irritation for which Zantac has been prescribed. (Id.) He receives Motrin and Percogesic for intermittent pain. (Id.)

Mr. Gould's medical conditions and complaints have been evaluated in a timely fashion at Staton Correctional Facility and his diagnosed conditions have been treated in a timely and appropriate fashion. (Id.) At all times, he has received appropriate medical treatment for his health conditions at Staton. (Id.) At no time has he been denied any needed medical treatment. (Id.)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.) At no time have the Defendants or any of the

---

[1] Ribavirin/Interferon combination therapy consists of the simultaneous application of two drugs:  Ribavirin, an oral tablet which works against the Hepatitis C virus by improving liver function, and Interferon, a specialized protein utilized within the body to fight the Hepatitis C virus.  Interferon is administered by injection.

medical or nursing staff at Staton, denied Mr. Gould any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Gould. (Id.) At all times, Mr. Gould's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.      The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2.      The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3.      The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

4.      The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.      The Plaintiff is not entitled to any relief requested in the Complaint.

6.      The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.      The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

8.      The Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9.      The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.     The allegations contained in the Plaintiff's Complaint against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.     The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.     The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.     The Defendants plead the general issue.

14.     This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.     The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.     Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.     The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18.     The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.     The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.     The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.     The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22.     The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.     The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.     The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.     The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.     The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a

6

claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.    The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.    The Plaintiff has failed to comply with 28 U.S.C. § 1915_with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.    The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Gould's medical records reveals that Gould has been given appropriate medical treatment at all times. (See Exhibits "A" & "B"). All of the allegations contained within Gould's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Gould's claims against the Defendants are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Gould must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Gould must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical

conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Gould's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Gould cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Gould's claims are without merit and that appropriate standards of care were followed at all times. (Id.) These facts clearly disprove any claim that the Defendants acted intentionally or recklessly to deny treatment or care.

The Defendants are, further, entitled to qualified immunity from all claims asserted by Gould in this action. There is no argument that the Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Gould to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Gould must show

that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2005 gave the Defendants fair warning that his alleged treatment of Gould was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Gould must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that his practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Gould's constitutional rights. All of Gould's medical needs have been

addressed or treated. (<u>See</u> Exhibits "A" & "B"). The Defendants have provided Gould with appropriate medical care at all times. (<u>Id.</u>)

Finally, pursuant to the Court's Order, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. <u>CONCLUSION</u>

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

S/L. Peyton Chapman, III
Alabama State Bar Number CHA060
S/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendants PHS,
Donald McArthur, PA-C and
Aaron Bee, R.N.

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this the _____ day of March, 2006, to:


Jeffery Gould (AIS# 140977)
Staton Correctional Facility
Post Office Box 56
Elmore, Alabama  36025

<div style="margin-left: 40%;">

s/R. Brett Garrett GAR085
Attorney for Defendants PHS, Donald
McArthur, PA-C and Aaron Bee, R.N.

</div>