IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY TODD GOULD, #140977, )
    Plaintiff, )
)
v. )  CIVIL ACTION NO.2:05-05-CV-1102-F
)
AARON BEE, et al., )
    Defendants. )

RECEIVED

2006 MAR 22 A 9: 28

MOTION IN OPPISITION TO DEFENDANT'S SPECIAL REPORT

Now Comes the Plaintiff, Jeffery Gould Pro se in the above styled cause to respond to Defendant's Special Report and states the following in his Oppisition:

FACTS

(1) Gould was diagnosed by Staton Health Care officials (Dr. McAuther, and Mr. Bee) of having Hipititis "C".

(2) Gould signed up for sick call to get treatment for Hipititis "C" and treatment was refused by Defendants Dr. McAuther, Mr. Bee and health Care Staff.

(3) Gould filed several greviences in this matter and treatment was still denied to him.

(4) Formal Grevience Formes were denied to Gould.

(5) Gould states McAurther told him that he did have Hipititis "C" but Gould was not eligible for treatment.

(6) Health Care Defendants has known of Gould's Hipititis "C" since 4-26-05 and has denied him treatment until 1-17-06, and Defendants continue to deny Gould adequate medical treatment.

(7) Gould believes he would not have been treated for his serious

Page 1.

medical condition if he had not filed this lawsuit.

(8) Gould's lawsuit was filed because of the denial and/or delay of medical treatment for Hipititis "C".

(9) Gould has submitted in an Exhibit with this lawsuit information that states, Hipititis "C" can over time lead to severe damage to the liver including cirrhosis and may be complicated by liver cancer. See Exhibit "A" with this Lawsuit for more information.

### ARGUEMENT

Defendants have been deliberately indifferent to Gould because after they knew about his serious medical needs (Hipititis 'C') they refused to treat him. Gould requested treatment, signed up for sick-Call, filed several Grevances and Defendants refused to treat him. Formal Grevances were denied to be given to him. Grevances were filed from about 4-26-05 until 1-17-06 where Gould was trying to get treatment, but Defendants refused to give treatment until this lawsuit was filed.

Unless the Defendants can show proof, by the preponderance of the evidence that Gould was in fact denied treatment from them during the time frame of 4-26-05 through 1-17-06 until this lawsuit was filed, when they then took him to the freeworld hospital, the Defendants are guilty of denying him treatment and should not be granted any relief in that respect. There was a delay in treatment from 4-26-05 until 1-17-06. Deliberate indifference can be shown in verious ways. Sometimes it is demonstrated by acts or statements by prison personnel directly showing an indifferent or hostile attitude toward prisoners' medical needs. But most often, courts focus on facts that show that professional judgment was either not exercised

or was not followed after it was exercised. In those fact situations, good intentions may not be a defense. As one court stated:

Deliberate indifference can be proved by showing a prison official's mental state. But deliberate indifference is also a standard for measuring the adequacy of prison officials' responses to the known medical needs of inmates and their system for allowing inmates to make their needs known. See Dean v. Coughlin, 623 F. Supp. 392, 402 (S.D.N.Y. 1985); accord, Weeks v. Chaboudy, 984 F.2d 185, 187 (6th Cir. 1993)("...[A] determination of deliberate indifference does not require proof of intent to harm or a detailed inquiry into [the defendant's] state of mind...[The] facts establish that he was deliberately indifferent."); Wellman v. Faulkner, 715 F.2d 269, 273 (7th Cir. 1983)("good intentions" do not excuse a "serious systemic deficency"), Cert. denied, 486 U.S. 1217 (1984); Todaro v. Ward, 431 F.Supp. 1129, 1160 (S.D.N.Y.), affd, 565 F.2d 48 (2d cir. 1977).

Health Care Defendants in this case knew about Gould's Hipititis "C" and denied treatment to him from 4-26-05 until 1-17-06. Gould submits copies of Greviences as Exhibits "B". Also there are several familial fact patterns that courts have held can constitute deliberate indifference:

**(a)** Delay or denial of access to medical attention. See: Estelle v. Gamble, 429 U.S. at 104 ("intentionally denying or delaying access to medical care"); Fields v. City of South Houston,Texas, 922 F.2d 1183, 1192 n. 10 (5th Cir. 1991) (evidence that police officers exercised wide discretion in summoning medical care for prisoners); Meltier v. Beorn, 896 F.2d 848, 853-54 (4th Cir. 1990)(nurses' failure to attend infirmary patient who lost conscioucness and fell);

Page 3.

Boswell v. Sherburne County, 849 F.2d 1117, 1122 (10th Cir. 1988)(delay in hospitalization a miscarrying woman), cert. denied, 488 U.S. 1010 (1989); H.C. by Hewett v. Jarrard, 786 F.2d 1080,1083,1087 (11th Cir. 1986)(isolation of injured inmate and deprivation of medical attention for three days); Archer v. Dutcher, 733 f.2d 14, 16-17 (2d Cir. 1984)(similar to Boswell); Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704-05 (11th Cir. 1985)(refusal to provide specialty consultations without a court order); Robinson v. Moreland, 655 F.2d 887, 889-90 (8th Cir. 1981)(weekend's delay in treating a broken hand); Hurst v. Phelps, 579 F.2d 940, 941-42 (5th Cir. 1978)(refusal to take a prisoner to a docter's appointment);

 The issue of the delay in treatment from 4-26-05 until 1-17-06 should be seriously analyzed carefully by the court in Gould's case here because Gould's Constitutional Rights were violated and his treatment needs to continue even after this case is over because of his serious needs for medical treatment for Hipititis "C" will continue because there is no cure and will get worse without treatment.

 How much delay is tolerated, of course, depends on the seriousness and **URGENCY** of the medical need. See, e.g., Bass by Lewis v. Wallenstein, 769 F.2d 1173, 1178, 1183 (7th Cir. 1985)(holding ten to fifteen-minute delay in docter's response to a patient in cardiac arrest supported liability); One court has stated that "an unexpected delay of hours in treating a serious injury states a prima facie case of deliberate indifference". Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990)(four-hour delay in treating a broken foot), cert. denied, 110 S.Ct. 2624 (1990); Reed v. Dunham, 893 F.2d 285, 287 (10th Cir. 1990)(two-hour delay in treatment for stab wounds); Van Cleave v. United States, 854 F.2d 82, 84 (5th Cir. 1988)(24-hour delay in treating injuries sustained during arrest); Loe v. Armstead,

Page 4.

582 F.2d 1291, 1296 (4th Cir. 1978)(22-hour delay in treating a broken arm), cert. denied, 446 U.S. 928 (1980); Johnson v. Summers, 411 Mass. 82, 577 N.E.2d 301, 305 (Mass.1991)(delay of hours in taking prisoner with a broken leg to the hospital), cert. denied, 112 S.Ct. 1166 (1992) But see Mills v. Smith,556 F.2d 337, 340 (8th cir. 1991)(one and a half hour delay in hospitalizing a prisoner with a gunshot wound did not constitute deliberate indifference); Brown v. Commissioner of Cecil County Jail, 501 F.Supp. 1124, 1126-27 (D.Md. 1980)(delay of less than a week in treating gonorrhea was not deliberate indifference).

(b) Failure to carry out medical orders. Estelle v. Gamble, 429 U.S. at 105 ("intentionally interfering with the treatment once prescribed"); Answegan v. Bruhl, 965 F.2d 676, 677-68 (8th Cir. 1992)(failure to honor docters' orders and refrain from cuffung the plaintiff's hands behind his back); or the failure to act on medical recommendations for surgery or for other specialized care, Johnson v. Lockhart, 941 F.2d 705, 706-07 (8th Cir. 1991), Howell v. Evans, 922 F.2d 712, 723 (11th Cir.1991), including hospitalization or other care not available in the prison. Prisons rarely provide the complete range of necessary medical services within their walls. If a prisoner requires care that is not available in the prison, the failure to obtain it elsewhere may constitute deliberate indifference. Kaminsky v. Rosenblum, 929 F.2d 922, 927 (2d Cir.1991), and Miltier v. Beorn,896 F.2d 848, 853 (4th Cir.1990).

In addition to these "no professional judgment" cases, there are also many decisions that say, in effect, that not every judgment by a docter is a medical judgment, see,eg., Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir. 1991)(evidence that medical staff treated the plaintiff "not as a patient, but as a nuisance, and

"were insufficiently interested in his health to take even minimal steps to guards against the possibility that the injury was severe" could support a finding of deliberate indifference). or that extreme cases of bad judgment by medical personal constitute deliberate indifference. For example, one federal appeals court has held that treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience" or "so inappropriate as to evidence intentional maltreatment" violates the Eighth Amendment. <u>Rogers v. Evans</u>, 792 F.2d 1052, 1058 (11th Cir. 1986)(emphasis supplied); <u>Howell v. Evans</u>, 922 F.2d 712, 719 (11th Cir. 1991).

In these cases, courts give substantial weight to expert testimony criticizing the prisoner's care, rather than dismissing it a difference of opinion among docters. "Whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses." <u>Rogers v. Evans</u>, 792 F.2d at 1058 accord, <u>Smith v. Jenkins</u>, 919 F.2d at 94. Most cases of this nature involve not just bad care, but also very serious medical conditions, <u>often leading to death</u>, <u>disability</u>, <u>or disfigurment</u>. <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1032-36 (11th Cir.) 880 F.2d 421 (11th Cir. 1989); <u>Rogers v. Evans</u>, 792 F.2d at 1060-62, <u>Carswell v. Bay County</u>, 854 F.2d 454, 455-57 (11th Cir. 1988) <u>Wood v. Sunn</u>, 865 F.2d 982, 989-90 (9th Cir. 1988). Their reasoning may not be extended to less serious cases.

Prison personnel sometimes respond to allegations of deliberate indifference by saying that they did provide some medical care, or that the inmate's care was adequate in general. This claim may not be a valid defense; they must respond to the particular claim of

of deliberate indifference that is raised. For example, one prisoner alleged that he suffered a broken nose, broken teeth, and an eye injury in a fight, but he only got treatment for the broken nose; the court ruled that his allegations stated a claim for deliberate indifference. Matzker v. Herr, 748 F.2d 1142, 1147-48 (7th Cir. 1984) Salazer v. City of Chicago, 940 F.2d 233, 240 (7th Cir. 1991).

(c) Plaintiff Gould never received a copy of the Defendant's Special Report. Plaintiff don't have an address of the Defendant's attorney of record to serve a copy of this complaint because Defendant's attorney did not send Plaintiff a copy of their Special Report. Plaintiff assumes that is their way of retaleation? Plaintiff has no idea where to send the Defendant's copy of Plaintiff's Motion In Oppisition because he doesn't have their address. Two copies will be mailed to this Court.

## CONCLUSION

Defendants have been deliberately indifferent to Gould because after they knew about his serious medical needs they refused to treat him. Gould requested treatment, signed up for sick-call, filed several Grievances. Formal Grievances were denied to be given to him. Grievances were filed from about 4-26-05 until 1-17-06 where Gould was trying to get treatment for Hipititis "C", but defendants refused to give treatment until this lawsuit was filed. In this case, because of the delay in treatment for medical help has been shown from 4-26-05 through 1-17-06, the Defendants should be found guilty of being deliberately indifferent in violation of Gould's 8th Amendment Rights.

## RELIEF SOUGHT

Plaintiff Gould request for this Honorable Court to issue a Court Order to the Defendants, ordering them to provide on-going, and continuing medical treatment because of the incureable Hipititis "C" that he suffers with. Also because of this being a serious medical condition, Gould ask for this medical treatment to be adaquit and meaningful. Gould prays that this court will grant him relief for adaquit medical treatment,continuously, due to the incurable Hipititis "C" Plaintiff now suffers with.

## CERTIFICATE OF SERVICE

I Jeffery Gould has placed 2 copies of the Motion In Oppisition to Defendant's Special Report,which he never received, in the foregoing mail properly addressed and dated (2) copies, to the address stated below, on this 17 day of March 2006.

*[signature: Jeffery Gould]*

Jeffery Gould #140977
P.O. Box 56
Elmore, AL. 36025

United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711

Notary: James H. Lindsay
3-17-06
Elmore, Al.

Page 8.