IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY TODD GOULD, #140977, )
    Plaintiff, )
 )
v. )
 ) CIVIL ACTION NO.2:05-CV-1102-F
 )
AARON BEE, et al., )
    Defendants. )
 )

## MOTION FOR APPOINTMENT OF COUNSEL

Comes now Plaintiff Jeffery Todd Gould, pro-se filing and preparing this motion through a friend, moves this Honorable Court pursuant to Title 28 U.S.C. § 1915 (d)(1996) 18 U.S.C. 3006(A)(1996) for appointment of counsel in the above styled cause as grounds herein would show;

1. Plaintiff has been assisted through a friend when he filed his complaint and motion in oppisition with this court in this case. Plaintiff does not comprehend or understand this legal litigation or filing process and his friend assisting him is no longer able to continue in helping plaintiff.

2. Plaintiff request appointment of counsel in this case due to his lack of any legal knowledge or training in the arts of juris, the complexity of the issues, and the need for professional investigation and representation.

1.

4. That in the interest of justice, a full and fair hearing on the merits, due process, this court may appoint plaintiff counsel.

5. Plaintiff is somewhat a confused, and disoriented type person who does not comprehend legal writing(s) and material from this court.

6. The eleventh circuit in <u>Wahl v. McLver</u>, 773 F.3d. 1174 (11th. Cir. 1985): accord,Lopez v. Reyes, 692 F.2d. 15, 17 (5th.Cir. 1982); <u>Branch v. Cole</u>, 686 F.2d. 265 (5th.Cir. 1982) has held that "generally speaking no right to counsel exists in § 1983 actions." In <u>Hardwich v. Ault</u>, 517 F.2d. 295, 298 (5th. Cir. 1975), however, later decisions of this court appointments of counsel make clear that the words "generally speaking" contain an important limitation on Hardwick's "no right" language. <u>Write v. Dallas County Sheriff's Dept.</u>,660 F.2d. (5th.Cir.1981): <u>Knight v. Watkins</u>, 616 F.2d. 795, 799 (5th.Cir. 1980). Other circuits have also recognized that appointment of counsel should be made under the authority of 28 U.S.C. 1915(d) if cases meet the stated threshhold requirements. see <u>Stinger v. Rowe</u>,616 F.2d 993 (7th.Cir.1989), or when exceptional circumstances are present. <u>Aldabe v. Aldabe,</u> 616 F.2d. 1089 (9th.Cir.1980) see also, <u>Ray v. Robinson,</u> 640 F.2d. 474 (3rd.Cir.1981): <u>Tabron v. Grace,</u> 6F.3d. 147 (3rd.Cir.1993) cert denied 114 S.Ct. 1306 (1994); Cf <u>Lucero v. Gunter</u>, 52 F.3d. 874 (10th. Cir. 1995).

2.

Plaintiff asserts his complaint has potential merit although he is unlettered in the law and arts of juris and that it would be a service to the court and the parties for the court to appoint counsel to explain the applicable legal principles to the complaint and limit litigation to potentially meritorious issues. Additionally, appointment of counsel would provide the inmate plaintiff with an opportunity to obtain representation equally qualified with the professional counsel provided by the state for the defendant.

Respectfully Submitted

_____
Jeffery Todd Gould

3.

## CERTIFICATE OF SERVICE

I Jeffery T. Gould has placed one copy of this Motion For Appointment of Counsel in the U.S. Mail properly addressed dated and signed to the Addresses stated below, on this __12__ day of __June__ 2006.

_____
JEFFERY T. GOULD

TO: UNITED STATES DISTRICT COURT
PO BOX 711
MONTGOMERY, ALABAMA 36101-0711

## NOTICE

Defendant's attorney has not served Plaintiff with any of there filings in this case, so Plaintiff does not have Defendant' attorney's address.