IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY TODD GOULD, ) | |
| AIS #140977, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-1102-MEF |
| ) | [WO] |
| ) | |
| ARRON BEE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jeffery Todd Gould ["Gould"], a state inmate. In this complaint, Gould asserts that the defendants violated his Eighth Amendment right against cruel and unusual punishment by denying him adequate medical treatment for Hepatitis C during his confinement at the Staton Correctional Facility ["Staton"]. Gould names Arron Bee, a registered nurse, Donald McArthur, a certified physician assistant, and Prison Health Care Services, Inc., the medical care provider for the Alabama Department of Corrections at the time of the complained of treatment, as defendants in this cause of action. Gould seeks declaratory relief and "issuance of an Injunction ordering [the defendants] to treat him ... for Hepatitis C and related health problems." *Plaintiff's Complaint - Court Doc. No. 1* at 4.

The defendants filed a special report, answer and supporting evidentiary materials

addressing Gould's claim for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of March 7, 2006 - Court Doc. No. 10.* Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (quoting Fed.R.Civ.P. 56(c)). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation to rule omitted). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to her case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, --- U.S. ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive the defendants' properly supported motion for summary judgment, Gould is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477

3

U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not provide sufficient evidence to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "[her] own conclusory allegations" challenging a defendant's actions); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the

moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings,

evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, --- U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Gould fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Gould complains the defendants acted with deliberate indifference to a serious medical need by failing to provide him proper treatment for his Hepatitis C. Specifically, Gould argues that upon diagnosis of this virus the defendants failed to immediately prescribe Ribavirin/Interferon drug therapy treatment.[1] The defendants deny they acted with deliberate indifference to Gould's medical condition and, instead, maintain they provided Gould with appropriate treatment for his condition.

---

[1] "Interferon and ribavirin are two drugs licensed for the treatment of persons with chronic hepatitis C. Interferon can be taken alone or in combination with ribavirin. Combination therapy, using pegylated interferon and ribavirin, is currently the treatment of choice." *Plaintiff's Exhibit A to the March 22, Response (National Center for Infectious Diseases Fact Sheet) - Court Doc. No. 11-3 at 3.*

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing the treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, correctional officials and prison medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop*, 871

F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere fact that prisoner desires a different mode of medical treatment does not amount to deliberate indifference); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient). A prison medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

No extended discussion of the facts is necessary. The medical records filed herein demonstrate that during Gould's confinement at Staton the defendants provided treatment for his Hepatitis C in accordance with their assessment of his condition. *Defendants' Exhibit B (Inmate Medical Records of Jeffery Todd Gould) - Court Doc. No. 8-3 thru Court*

*Doc. No. 8-8.* The undisputed evidentiary materials before the court further demonstrate that the prison medical staff routinely examined Gould, thoroughly evaluated his complaints, ordered necessary tests and provided treatment in accordance with their professional judgment. *Id.*; *Defendants' Exhibit A (Affidavit of Donald McArthur) - Court Doc. No. 8-2* at 2-3. With respect to Gould's claim he should have been afforded Ribavirin/Interferon combination therapy treatment, the defendants maintain such treatment was not safe given Gould's low hemoglobin and platelet counts. *Defendants' Exhibit A (Affidavit of Donald McArthur) - Court Doc. No. 8-2* at 2. The evidentiary materials likewise establish that medical personnel prescribed various medications to alleviate swelling, inflammation, itching, stomach irritation and intermittent pain associated with Gould's condition.

The affidavit filed by defendant McArthur delineates the treatment provided to Gould as follows:

> Mr. Gould has a history that is significant for Hepatitis C and chronic leg infection secondary to this condition. On November 9, 2004, Mr. Gould was evaluated for eligibility to receive Ribavirin/Interferon combination therapy for treatment of his Hepatitis C. [Ribavirin/Interferon combination therapy consists of the simultaneous application of two drugs: Ribavirin, an oral tablet which works against the Hepatitis C virus by improving liver function, and Interferon, a specialized protein utilized within the body to fight the Hepatitis C virus. Interferon is administered by injection.] However, Ribavirin/Interferon combination therapy is not indicated for every person infected with Hepatitis C. Mr. Gould did not qualify for Ribavirin/Interferon combination therapy treatment because his complete blood count (CBC) indicated that his hemoglobin and platelet counts were too low for safe treatment.
> While the Ribavirin/Interferon combination therapy is contraindicated

> for Mr. Gould's treatment, he has received treatment by other means. Specifically, Mr. Gould is enrolled in Staton's chronic care program where he is afforded regular blood tests and liver enzyme panels in order to track the effect the Hepatitis C virus is having on his overall long-term health. In order to treat periodic swelling and inflammation caused by the virus' effect on Mr. Gould's liver, he has been prescribed diuretics, Lasix and hydrochlorothiazide (HCTZ) with potassium. He has also been afforded TED hose (compression stockings) in order to reduce lower leg swelling. In order to treat itching associated with his condition, Mr. Gould has been prescribed Vistaril and Benadryl. Mr. Gould's condition has also contributed to stomach irritation for which Zantac has been prescribed. Mr. Gould receives Motrin and Percogesic for intermittent pain.
> ... [A]ll of [Gould's] medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Gould has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Staton Correctional Facility.

*Defendants' Exhibit A (Affidavit of Donald McArthur) - Court Doc. No. 8-2* at 2-3.

Under the circumstances of this case, it is clear that the course of treatment undertaken by the defendants was neither grossly incompetent nor inadequate. Although Gould asserts he should have received Ribavirin/Interferon combination therapy treatment, this assertion, without more, fails to establish deliberate indifference. *Hamm*, 774 F.2d at 1575; *Garvin*, 236 F.3d at 898; *Franklin*, 662 F.2d at 1344. It is undisputed that Gould received significant medical treatment as dictated by his overall physical condition. His mere desire for a different mode of medical treatment does not amount to deliberate indifference. *Harris*, 941 F.2d at 1505. Gould has failed to present any evidence which indicates the defendants knew that the manner in which they treated his condition created a substantial risk to his health and that with this knowledge consciously disregarded such

risk. The record is devoid of evidence, significantly probative or otherwise, showing that the defendants acted with deliberate indifference to Gould's medical needs. Summary judgment is therefore due to be granted in favor of the defendants.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that **on or before March 27, 2008,** the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of March, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE